UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00925 GW (PVC) | Date | November 20, 2023 |
|---|---|---|---|
| Title | *Airlite Plastics Co. v. Innori, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**   **IN CHAMBERS - ORDER GRANTING DEFAULT JUDGMENT LIMITED TO INJUNCTIVE RELIEF**

The Court has reviewed the response, *see* Docket No. 41, of Plaintiff Airlite Plastics Co. ("Plaintiff") to the Court's September 14, 2023, order in this case. *See* Docket No. 40. Although there is arguably published Ninth Circuit authority permitting Plaintiff an award of monetary damages here despite the absence of any identified damages figure in its Complaint, *see Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974), this Court has found the *Henry* decision distinguishable, as explained most-recently in *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.*, Docket No. 50 (C.D. Cal. Oct. 13, 2023). The Court adheres to that approach here. As such, Plaintiff has not convinced the Court that an award of damages would be consistent with Rule 54(c).

In its response, Plaintiff indicated that if the Court decided it would not move from its position that there is a Rule 54(c) problem with awarding damages here, Plaintiff would elect to withdraw its request for damages "in the interests of judicial and party efficiency" if it "resolves any remaining issues under consideration by the Court and obviates the need for a hearing on" the default judgment motion. Docket No. 41, at 7:14-19. The Court has no hesitation here in issuing a default judgment in the form of injunctive relief requested in Docket No. 37-14.

Plaintiff believes it has properly served the defendants with the Summons and Complaint (and the defendants have not been heard to complain otherwise). *See* Docket Nos. 25-26. Plaintiff obtained their entries of default on June 21, 2023. *See* Docket No. 33. Plaintiff's Complaint properly states claims against the defendants, *see, e.g.*, Complaint ¶¶ 33, 35-36, 38-47, 51-52, 55, 60, 62-68, 70-71, 73-

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00925 GW (PVC) | Date | November 20, 2023 |
|---|---|---|---|
| Title | *Airlite Plastics Co. v. Innori, et al.* | | |

75, 95-97,[1] and its supporting brief explains, in line with the Court's thinking, why the other factors enunciated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), support issuance of a default judgment here. *See* Docket No. 37-1, at 7:4-17:3. In addition, its supporting brief demonstrates why the factors set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), that are required for injunctive relief are satisfied here. *See* Docket No. 37-1, at 18:8-21:9. There is nothing in the requested injunctive relief provisions set forth in Docket No. 37-14 that gives the Court any pause is issuing such relief.

With the exception of page 5, lines 1-8 (which covered a damages award), therefore, the Court will sign-off on and enter Docket No. 37-14 as the final judgment in this case.

It is so ordered.

---

[1] *See, e.g.*, *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1078-79 (9th Cir. 2020); *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1221 (9th Cir. 2012); *L.A. Gear, Inc. v. E.S. Originals, Inc.*, 859 F.Supp. 1294, 1297 (C.D. Cal. 1994).

| | : |
|---|---|
| Initials of Preparer | JG |