UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AIRLITE PLASTICS CO., <br><br>Plaintiff, <br><br>v. <br><br>INNORI D/B/A OREALGARD and EXTREMROCK4X4 INC, <br><br>Defendants. | Case No. CV 23-925-GW-PVCx <br><br>**FINAL JUDGMENT BY DEFAULT PURSUANT TO FED. 55(b)(2)** |

Having duly considered Airlite Plastics Co.'s ("Airlite") Motion for Default Judgment against Defendants, Innori (d/b/a Orealgard) ("Innori") and Extremrock4x4 Inc's ("Extremrock") (collectively "Defendants"), the Court hereby enters final judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure because the Defendants are in default and have willingly failed to participate in this case.

IT IS ORDERED that judgment is entered against the Defendants for willfully infringing Airlite's U.S. Patent No. 8,734,049 ("the '049 Patent"), in violation of 35 U.S.C. § 271(a) by, at least, importing, offering to sell, and selling the Orealgard Pavers (the "Infringing Products"), including the permeable pavers illustrated below:



Example Images of Infringing Products (ECF No. 1, ¶¶ 54, 79)

IT IS ORDERED that judgment is entered against Defendants, who are alter egos of each other, for willfully infringing Airlite's federal and common law trademark rights in its TRUEGRID® and PRO PLUS® trademarks including Trademark Registrations Nos. 4,217,252 and 5,686,002 (collectively, "Airlite's Trademarks"), willfully using false designations of origin, and willfully competing unfairly, in violation of 15 U.S.C. §§ 1114 and 1125, the California Business and Professions Code § 17200, *et. seq*, and the common law of California by, at least, using Airlite's Trademarks in advertisements for the Infringing Products.

IT IS ORDERED that judgment is entered against Defendants, who are alter egos of each other, for willfully using a false designation of origin and willfully offering a false advertisement, in violation of 15 U.S.C. § 1125 by, at least, using a photograph of Airlite's products while indicating the photograph depicted the Infringing Products.

IT IS FURTHER ORDERED that the Defendants and their officers, directors, employees, agents, subsidiaries, parents, and attorneys, and all others in privity or active concert with any of them and their officers, directors, employees, agents, subsidiaries, parents, and attorneys, are hereby permanently enjoined from infringing the '049 Patent, including but not limited to being permanently enjoined from making, using, offering to sell, selling or importing into the United States permeable pavers meeting one or more claims of the '049 Patent, including the Infringing Products and all colorable imitations thereof, from the date of this Order until the expiration date of the '049 Patent, pursuant to at least 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d).

IT IS FURTHER ORDERED that Defendants and their officers, directors, employees, agents, subsidiaries, parents, and attorneys, and all others in privity or active concert with any of them and their officers, directors, employees, agents, subsidiaries, parents, and attorneys, are hereby permanently enjoined from infringing Airlite's Trademarks, competing unfairly through use of Airlite's Trademarks, falsely designating origin through use of Airlite's Trademarks and/or photographs of Airlite's products, or falsely advertising through use of photographs of Airlite's products, including but not limited to being permanently enjoined from using Airlite's Trademarks, *i.e.* TRUEGRID and/or PRO PLUS, or any colorable imitation thereof in any advertisements or other online materials or in any other manner connected to paver products, and being permanently enjoined from using any photograph or image of Airlite's paver products, pursuant to at least 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

IT IS FURTHER ORDERED that, to effect the foregoing provisions, within thirty (30) days of service of this Order Defendants shall surrender their inventory of Infringing Products to Airlite or complete negotiations with Airlite regarding a

timeline for such surrender, by contacting Airlite's counsel identified in the Complaint. If Defendants do not do so, Airlite, through its counsel, agents, or representatives, may thereafter serve a copy of this Order authorizing and directing the U.S. Marshals Service, the U.S. Customs and Border Patrol, and/or another appropriate agency, to seize all Infringing Products being imported into the United States and/or in Defendants' possession, custody, or control.

IT IS FURTHER ORDERED that, to effect the foregoing provisions, within ten (10) days of this Order Defendants shall permanently shut down any website or webpage that is used to market, offer for sale, or sell the Infringing Products, that uses any of Airlite's Trademarks, and/or uses any image of Airlite's products, including at least:

- https://orealgard.com/,
- https://www.linkedin.com/company/orealgard/,
- https://www.facebook.com/Orealgard,
- https://www.instagram.com/orealgard/,
- https://www.youtube.com/channel/UCmhtCJjyfQYD53EhVoIPRdA,
- https://www.pinterest.com/OrealgardPaver/.

If Defendants do not do so, Airlite, through its counsel, agents, or representative, may serve a copy of this Order on the registrant, registrar, registry, and/or any other persons able to effect a takedown of such website, along with the requisite identifying information for any such website, and the Court hereby directs those persons to effect a takedown of the website.

IT IS FURTHER ORDERED that the Defendants shall file with the Court and serve on Airlite within thirty (30) days of service of this Order, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with this Order.

IT IS FURTHER ORDERED that Airlite recover its reasonable attorneys' fees from the Defendants pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, and Rule 54(d). Airlite may file the papers required by Local Rule 54-7 supporting the amount of reasonable attorneys' fees and costs Airlite are entitled to in this case no later than fourteen (14) days after the date of this Order.

IT IS FURTHER ORDERED that Airlite recover its reasonable costs from the Defendants pursuant to Rule 54(d), Fed. R. Civ. P. Airlite may file the papers required by Local Rule 54-2.1 supporting the amount of costs Airlite is entitled to in this case no later than fourteen (14) days after the date of this Order.

IT IS FURTHER ORDERED that this Court retains jurisdiction over the parties to the extent necessary to enforce the terms of this Order and the injunctive relief provided herein, and that nothing in this Order shall preclude Airlite from seeking additional relief to which it is entitled, including post-judgment discovery authorized by the Federal Rules of Civil Procedures and/or the California Code of Civil Procedure.

DATED: November 20, 2023

_____
HON. GEORGE H. WU,
United States District Judge